Karthik Nadesan (10217) Email: karthik@nadesanbeck.com
David Jones (10134) Email: david@nadesanbeck.com
Michael Beck (10381) Email: mike@nadesanbeck.com
NADESAN BECK P.C.
8 East Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone:  (801) 363-1140

*Attorneys for Defendant Lumicor, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DATAFLY COMMERCE LLC<br><br>               Plaintiff,<br>v.<br><br>FOUNTAIN, INC.<br><br>               Defendant. | **COMPLAINT**<br><br>Case No. _____<br><br>Judge _____ |

Plaintiff Datafly Commerce LLC ("Datafly"), through counsel, complains against

Defendant Fountain, Inc. ("Fountain") as follows:

**PARTIES, JURISDICTION, & VENUE**

1.      Plaintiff Datafly is a Utah limited liability company with its principal place of

business in Salt Lake County.

2.      Upon information and belief, Defendant Fountain is a California corporation with

its principal place of business Los Angeles County.

3.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331

as it involves a federal question; under 28 U.S.C. § 2202 as it involves claims related to a patent,

and under 28 U.S.C. § 1332 as the action is between citizens of a State and citizens or subjects of

a foreign state, and the amount in controversy in this action, exclusive of interest and costs,

exceeds the sum of $75,000.00.

4.      This Court has supplemental jurisdiction over the claims that arise under Utah law pursuant to 28 U.S.C. § 1367(a) because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as the acts, omissions and events giving rise to Datafly's causes of action occurred within or were directed to this district.

6.      Upon information and belief, Fountain markets, licenses, manufactures, sells, and/or distributes products in Utah.

7.      Upon information and belief, Fountain has intentionally interfered with Datafly's ability to sell and distribute Datafly's products from Utah.

8.      Thus, this Court has specific personal jurisdiction under Utah's long-arm statute, Utah Code Ann. § 78B-3-205, because (1) Fountain has transacted business within Utah; (2) has supplied services or goods in Utah; (3) has caused injury within Utah through the conduct that gives rise to this Complaint; and (4) jurisdiction based on Fountain's contacts with Utah (including, but not limited to, its operation of websites and/or sales of goods or services) is not inconsistent with the Constitution of the State of Utah or the Constitution of the United States.

## GENERAL ALLEGATIONS

9.      Datafly realleges and incorporates the preceding paragraphs of this Complaint.

10.     Upon information and belief, Fountain owns the rights, title, and interest to U.S. Patent No. 9,077,877 ("the '877 patent"), entitled "Active Headwear for Detachably Mounting an Imaging Device."

11.     Upon information and belief, Fountain has manufactured and sold, and continues to manufacture and sell, the Octomask, a product line of diving masks designed to be attached to a camera, such as a GoPro, including through Amazon.com Inc.'s ("Amazon") website.

12.     Doing business under the name Wildhorn Outfitters, Datafly is the manufacturer and seller of a product line of full-face snorkeling masks. The snorkeling masks have a mount that allows a camera, such as a GoPro, to be mounted to the mask.

13.     Datafly predominantly markets and sells its snorkeling masks through Amazon's website.

14.     Upon information and belief, Fountain contacted Amazon to claim that Datafly's snorkeling masks infringed on the '877 patent.

15.     Upon information and belief, Fountain demanded that Amazon stop allowing Datafly to market and sell its snorkeling masks through Amazon's website.

16.     As a result of Fountain's claims regarding infringement, Amazon stopped marketing and selling the majority of Datafly's snorkeling masks until Fountain's claims were resolved.

17.     Amazon's halting of the marketing and sales of Datafly's snorkeling masks has resulted in and continues to result in lost sales and other damages to Datafly.

18.     Datafly's counsel has spoken with Fountain's counsel in an attempt to resolve Fountain's infringement claims and have Fountain withdraw its complaint to Amazon.

19.     However, Fountain maintained that Datafly's snorkeling mask infringed on the '877 patent.

20.     In addition, Fountain demanded that Datafly enter into a licensing agreement under which Datafly paid a royalty on every snorkeling mask sold.

21.     In addition, Fountain demanded that Datafly supply its confidential financial information regarding sales of the snorkeling mask.

22.     Fountain stated that it would maintain its complaint with Amazon and would, if necessary, take additional action if Datafly failed to comply with Fountain's demands.

23.     Upon information and belief, Fountain has filed numerous lawsuits claiming infringement of the '877 patent, including Case Nos. 3:16-cv-01352-JD, 5:15-cv-05589-NC,

5:15-cv-05587-PSG, 3:15-cv-04215-JCS, 5:15-cv-04214-EJD in the federal district court for the Northern District of California.

24.     Upon information and belief, Fountain's lawsuits have named as defendants any manufacturer, distributer, or seller of diver or scuba masks with integrated camera mounts that have not agreed with Fountain's infringement claims or complied with Fountain's licensing demands.

25.     Accordingly, the dispute over whether Datafly's snorkeling masks infringe on the '877 patent has sharpened into an imminent clash of legal rights and obligations between Datafly and Fountain.

## FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF PATENT NO. 9,077,877)

26.     Datafly realleges and incorporates the preceding paragraphs of this Complaint.

27.     Fountain has accused Datafly of infringing the '877 patent.

28.     An actual controversy exists between Fountain and Datafly regarding whether Datafly has infringed the '877 patent.

29.     However, the products manufactured and sold by Datafly do not infringe the '877 Patent.

30.     Specifically, the first, second, third, fourth, and fifth claims of the '877 patent are based on a "headwear frame having a first mounting rim disposed at a first side of said headwear frame and a second mounting rim disposed at a second side of said headwear frame" in which an "attachment base" for the camera mount is "clamped" to each rim.

31.     The sixth, seventh, and eighth claims of the '877 patent are based on an "integrated headwear frame and attachment base" with "a right lens frame and a left lens frame, wherein the right lens frame is attached to the left lens frame by nosepiece."

32.     The snorkeling masks manufactured by Datafly do not infringe the first, second, third, fourth, and fifth claims of the '877 patent because the masks do not have two distinct rims

and the attachment base for the camera mount is fully integrated into the snorkel frame and is therefore not "clamped" to the mask rim.

33.    The snorkeling masks manufactured by Datafly do not infringe the sixth, seventh, and eighth claims of the '877 patent because the masks do not have right and left lens frames or a nosepiece.

34.    This case is exceptional in that Fountain's assertion of infringement is frivolous or knowingly baseless.

35.    Accordingly, Datafly is entitled to a judicial declaration that it has not infringed the '877 patent, as well as its reasonable attorney fees.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE SHERMAN ANTITRUST ACT, 15 U.S.C. §1 *ET SEQ.*)

36.    Datafly realleges and incorporates the preceding paragraphs of this Complaint.

37.    Fountain's false assertion that the manufacture or sale of any diving or snorkeling mask with a camera mount is a violation of the '877 patent is an improper expansion of the scope of the '877 patent.

38.    Fountain's false assertion that the manufacture or sale of any diving or snorkeling mask with a camera mount is a violation of the '877 patent has caused damage to Datafly.

39.    Fountain's false assertion that the manufacture or sale of any diving or snorkeling mask with a camera mount is a violation of the '877 patent, combined with its repeated threatening of others by demanding licenses and filing lawsuits in an effort to substantiate its erroneous claims of patent scope, are an attempt to monopolize an entire market.

40.    By continuously and repeatedly claiming infringement and filing lawsuits against all manufacturers and sellers of diving or snorkeling masks with a camera mount, Fountain has a specific intent to achieve a monopoly in the relevant market concerning goods in interstate commerce.

41.     In attempting to unlawfully enforce the '877 patent as set forth above, Fountain has engaged in anti-competitive conduct in order to accomplish its intended goal of achieving a monopoly.

42.     If Fountain is allowed to continue its anti-competitive conduct, there is a dangerous probability that Fountain will eventually achieve its goal of a monopoly.

43.     Datafly has been injured in its business or property as a result of Fountain's anti-competitive conduct.

44.     Fountain's anti-competitive conduct constitutes a violation of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq*., and the Utah Antitrust Act, Utah Code § 76-10-3101 *et seq.*

45.     Accordingly, Datafly is entitled to a judgment against Fountain for violation of the Sherman Antitrust Act and the Utah Antitrust Act and holding Fountain liable to Datafly for treble damages totaling at least $75,000, legal costs, prejudgment interest and attorneys' fees.

## THIRD CAUSE OF ACTION
### (UNFAIR COMPETITION)

46.     Datafly realleges and incorporates the preceding paragraphs of this Complaint.

47.     By threatening Datafly and making false representations of patent infringement to Amazon while knowing that the '877 patent does not cover Datafly's snorkeling masks, Fountain has purposely harmed Datafly's business.

48.     Such conduct constitutes an unfair trade practice and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125.

49.     Accordingly, Datafly is entitled to a judgment against Fountain for violation of the Lanham Act and holding Fountain liable to Datafly for lost economic opportunities, lost profits, general damages and attorneys' fees.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF TRUTH IN ADVERTISING ACT)

50.     Datafly realleges and incorporates the preceding paragraphs of this Complaint.

51.     By threatening Datafly and making false representations s of patent infringement to Amazon while knowing that the '877 patent does not cover Datafly's snorkeling masks, Fountain has purposely harmed Datafly's business.

52.     Fountain's false representations regarding Datafly's products violated Utah's Truth in Advertising Act, Utah Code § 13-11a-3.

53.     Accordingly, Datafly is entitled to a judgment against Fountain for violation of the Truth in Advertising Act and holding Fountain liable to Datafly for lost economic opportunities, lost profits, general damages and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (PATENT MISUSE)

54.     Datafly realleges and incorporates the preceding paragraphs of this Complaint.

55.     Fountain's assertion to Amazon and others that the manufacture or sale of any snorkeling mask with a camera mount is a violation of the '877 patent is an improper expansion of the scope of the '877 patent.

56.     By claiming that the '877 patent's protection extends beyond its lawful scope, Fountain has engaged in patent misuse.

57.     Accordingly, all patent rights of Fountain should be suspended or nullified until the misuse is purged.

## SIXTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE)

58.     Datafly realleges and incorporates the preceding paragraphs of this Complaint.

59.     By threatening Datafly and making false representationss of patent infringement to Amazon while knowing that the '877 patent does not cover Datafly's snorkeling masks, Fountain has intentionally interfered with Datafly's existing and prospective economic relations.

60.     By interfering through the use of false representations, Fountain's interference was through improper means.

61.     Fountain's interference has damaged Datafly's business and caused injury.

62.     Accordingly, Datafly is entitled to a judgment against Fountain for tortious interference and holding Fountain liable to Datafly for lost profits and general damages.


## RELIEF REQUESTED

Based on the foregoing allegations, Datafly requests that the Court enter judgment that:

1.     Datafly has not infringed the '877 patent;

2.     Datafly is entitled to an award of costs and attorneys' fees in this exceptional case in accordance with Section 285 of the Patent Statutes and any other applicable laws, including pre-judgment and post-judgment interest on any such award;

3.     Fountain has violated the Sherman Antitrust Act and the Utah Antitrust Act and Datafly is entitled to treble damages, costs, prejudgment interest and attorneys' fees.

4.     Fountain has violated the Lanham Act and Datafly is entitled to general and consequential damages, lost profits, costs, prejudgment interest and attorneys' fees.

5.     Fountain has violated the Truth in Advertising Act and Datafly is entitled to general and consequential damages, lost profits, costs, prejudgment interest and attorneys' fees.

6.     Fountain has misused the '877 patent and all patent rights of Fountain are suspended or nullified until Fountain's misuse is purged.

7.     Fountain is liable for tortious interference and Datafly is entitled to general and consequential damages, lost profits, costs, and prejudgment interest.

8.     Datafly is entitled to such additional relief as the Court may deem just and proper.


## JURY DEMAND

Datafly hereby demands a trial by jury on any matters so triable.

DATED this 11th day of July, 2016.

<div style="margin-left: 50%;">

s/ Karthik Nadesan
NADESAN BECK P.C.
Karthik Nadesan
David Jones
Michael Beck

*Attorneys for Plaintiff Datafly Commerce, LLC*

</div>